NOT DESIGNATED FOR PUBLICATION

No. 115,326

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COOKEY LEE PHILLIPS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed September 22, 2017. Reversed and remanded with directions.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.

PER CURIAM:  Cookey Lee Phillips appeals from his convictions on two counts of aggravated robbery. He contends that his statutory and constitutional rights to a speedy trial were violated when his defense counsel, without his knowledge or consent, requested several continuances of his trial at hearings where he was not present. He also argues there was insufficient evidence presented at trial to identify him as a participant in the robberies.

The district court ruled that, although criminal defendants have a statutory right to be present at hearings where any party is requesting a continuance, under K.S.A. 2013

Supp. 22-3402(g), delays due to uncounseled continuances do not count against the statutory speedy trial limits absent prosecutorial misconduct or delays that rise to the level of a constitutional violation. The district court, therefore, denied Phillips' motions for dismissal and/or discharge.

We reverse those rulings and remand the matter for further proceedings in accord with the constitutional harmless error standards reiterated in *State v. Wright,* 305 Kan. 1176, 390 P.3d 899 (2017).

*Speedy Trial Issues*

The primary issue on appeal concerns Phillips' claims relating to his statutory and constitutional rights to be present at all critical stages of his trial proceedings, including hearings on motions for continuances which resulted in his claims that his speedy trial rights were violated. Phillips preserved these issues for appeal by repeatedly raising them in numerous motions filed both before and after his trial.

The relevant facts pertaining to these issues are not in dispute. In September 2013, Phillips and three nephews—Georgio Phillips, Tyler Phillips, and Jarvis Phillips—were arrested and charged with aggravated robbery while using a dangerous weapon. The charges were based on two separate convenience store robberies. Phillips' bond was set at $75,000 and he remained in custody throughout the pretrial and trial proceedings.

Pamela Parker was originally appointed to represent Phillips. On October 24, 2013, Phillips appeared with Parker, waived preliminary hearing, was arraigned on both counts of aggravated robbery as charged by the State, and entered his pleas of not guilty. A jury trial was scheduled for December 16, 2013, which was within the 90-day period then set forth in K.S.A. 2013 Supp. 22-3402. However, the trial was continued at the request of defense counsel to January 12, 2014, and then to February 18, 2014.

Additional continuances requested by defense counsel pushed the trial date to April 7, then to May 19, and finally to July 14, 2014. Parker did not consult with Phillips about these continuances, nor obtain his consent, and Phillips was not present when the continuances were requested and granted. Parker acknowledged that as of April 1, 2014, some 158 days had elapsed since the arraignment resulting from the continuances which she had requested without prior consultation with Phillips, and the time continued to accrue.

Following yet another request for continuance of the July 14, 2014, trial date, Phillips filed a pro se motion objecting to "any and all continuances" and requesting that he be discharged for violation of his speedy trial rights. He argued that his right to appear at all critical stages of the proceedings had been violated because he was not present to object at the hearings continuing his trial dates and that his attorney failed to obtain his consent to the various continuances. He also asserted that his counsel was ineffective for failing to preserve his right to a speedy trial. Several days later, Phillips filed another pro se motion again seeking discharge.

The motions were heard on July 31, 2014. The district court determined that Phillips failed to show adequate dissatisfaction with his appointed counsel. The court acknowledged that several of the continuances were requested by defense counsel in his absence and without prior consultation. But the court found that K.S.A. 2013 Supp. 22-3402(g) prohibited the court from assessing the delay to the State.

After several more delays, a trial date was set for January 2015. The court heard several pretrial motions, including yet another pro se motion to dismiss or discharge. The trial judge ruled that the prior judge had correctly construed K.S.A. 2013 Supp. 22-3402(g) and the delays could not support Phillips' requests for relief despite his earlier absences. A jury was empaneled but was excused when Phillips entered into a plea agreement with the State. The district court explained his rights and Phillips

acknowledged his understanding that his guilty plea would result in a waiver of his speedy trial claims. But two weeks after entering his plea, Philips filed another pro se motion to arrest judgment, asserting the district court was divested of jurisdiction to convict him due to the speedy trial violations. The court appointed a new attorney, Mark Sevart, to represent Phillips. With assistance of counsel, Phillips filed a motion to set aside his guilty plea or to withdraw the plea. The district court denied the motion to arrest judgment but granted the motion to withdraw the guilty plea.

Phillips continued to file pro se motions and the district court appointed yet another attorney, Kenneth Clark, to represent Phillips due to a potential conflict of interest with attorney Sevart. The case was ultimately tried to a jury beginning on October 26, 2015, more than two years after his original arraignment. The jury returned a verdict finding Phillips guilty on both counts of aggravated robbery. After hearing and denying several posttrial motions, Phillips was sentenced on December 22, 2015, and was credited with 826 days in custody since his arrest. Phillips timely filed this appeal.

*Standard of Review*

Claims asserting violations of a defendant's statutory or constitutional rights to a speedy trial are subject to unlimited review by the appellate court. *State v. Brownlee*, 302 Kan. 491, 506, 354 P.3d 525 (2015). Similarly, a claim asserting violation of a defendant's right to be present at every critical stage of his or her criminal proceeding also presents a legal question over which the appellate court exercises unlimited review. *Wright,* 306 Kan. at 1178.

*The Statutes*

At the time of the robberies in this case, K.S.A. 2013 Supp. 22-3402 provided that Phillips was entitled to be brought to trial within 90 days of his arraignment, unless any

4

delay was at the request or fault of the defendant. (In 2014, the legislature extended the speedy trial period to 150 days. L. 2014, ch. 139, § 5.)  The Kansas Supreme Court has held that a defendant cannot be said to have acquiesced to a continuance if he was not present to object. *Brownlee*, 302 Kan. at 508.

However, in 2012, the legislature had amended K.S.A. 22-3402 by adding subsection (g) which provides:

"If a defendant, or defendant's attorney in consultation with the defendant, requests a delay and such delay is granted, the delay shall be charged to the defendant regardless of the reasons for making the request, unless there is prosecutorial misconduct related to such delay. *If a delay is initially attributed to the defendant, but is subsequently charged to the state for any reason, such delay shall not be considered against the state under subsections (a), (b) or (c) and shall not be used as a ground for dismissing a case or for reversing a conviction unless not considering such delay would result in a violation of the constitutional right to a speedy trial or there is prosecutorial misconduct related to such delay.*" (Emphasis added). K.S.A. 2016 Supp. 22-3402(g).

In applying this statute to deny relief to Phillips, the district court acknowledged that Phillips should have been present to voice his objections when the court heard the requests for continuances on and prior to July 2014, and that, as a result, the delays were improperly attributed to him. The court determined that the continuances were not due to prosecutorial misconduct (which Phillips had not alleged) nor did they rise to the level of being a constitutional speedy trial violation. See *State v. Dupree,* 304 Kan. 43, 371 P.3d 862, *cert. denied* 137 S. Ct. 310 (2016); *Brownlee*, 302 Kan. at 510-11; cf. *Barker v. Wingo,* 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

State v. Wright

After the parties filed their briefs in this case, the Kansas Supreme Court issued its decision in *Wright.* The court clarified its position that a continuance hearing is a critical stage of a criminal trial requiring the defendant's presence. 305 Kan. 1176, Syl. ¶ 1. Thus, a defendant's right to be present is violated when he or she is absent from a hearing at which his or her appointed counsel requested and obtained a continuance without the defendant's knowledge and consent, because the defendant had no opportunity to be heard or to object. 305 Kan. at 1178; see *Dupree*, 304 Kan. 43, Syl. ¶ 2. The court pointedly noted that if a continuance is granted in the absence of the defendant, "it is unlikely that there will be a remedy on appeal even if an appellate court later attributes the continuance to the State." *Wright*, 305 Kan. at 1178; see *Brownlee*, 302 Kan. at 511. The court thus directed that "if a personal objection from the defendant is going to be more than a hollow gesture, it needs to be heard and adjudicated in the district court." *Wright*, 305 Kan. at 1178.

To this end, rather than simply and mechanically interpreting and applying K.S.A. 2013 Supp. 22-3402(g), the effect of such violation is to be evaluated under the constitutional harmless error standard first set out in *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011), and reiterated in *State v. Verser*, 299 Kan. 776, 789, 326 P.3d 1046 (2014). That standard provides: "'[E]rror may be declared harmless where the party benefitting from the error proves beyond a reasonable doubt that the error did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.' [Citations omitted.]" *Wright*, 305 Kan. at 1179.

In the instant case, Phillips was not heard on any of his various pro se motions until long after the fact of numerous continuances which had been requested and granted in his absence. The hearings seemed to focus solely on the issue of Phillips' presence or

absence in light of K.S.A. 2013 Supp. 22-3402(g). A second trial judge adopted as "rule of the case" an earlier motion judge's ruling that the statute prevented discharge or dismissal.

Unfortunately, as in *Wright,* our ability to examine harmless error in this case is substantially hindered by the district court's failure to conduct any inquiry or make any findings concerning the constitutional standard as to the effects, if any, of the defendant's absence on his specific objections. We are left to speculate whether the trial judge would have sustained Phillips' objections or not. We are left to speculate as to the relative strengths or weaknesses of the State's case at the various time periods, especially in light of the record showing that the State requested at least one continuance due to the unavailability of a key witness. Simply put, as in *Wright,* we lack a definitive record upon which we can say with the requisite degree of certitude that the error of granting multiple continuances in the absence of the defendant was either harmless or prejudicial.

We, therefore, reverse the orders of the district court which relied on K.S.A. 2013 Supp. 22-3402(g) to deny Phillips' motions for dismissal and/or discharge based on violation of his speedy trial rights. We remand the case to the district court with directions to conduct further proceedings on the motions and to make proper factual findings in accord with the considerations outlined in *Wright*, 305 Kan. at 1179. Phillips' presence is obviously required for these proceedings and counsel is to be appointed to assist him in presenting his case.

*Sufficiency of the evidence*

As noted above, Phillips also claims that the State presented insufficient evidence to establish his identity as a participant in the robberies.

Since the determination of the issues remanded for further proceedings may result in the final disposition of the case, we do not further consider Phillips' claim of insufficient evidence at this point, but rather preserve that issue for possible consideration in any subsequent appeal.

Reversed and remanded with directions.